```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS

MATTHEW D. KRALLMAN,
                                  Petitioner,

          v.                                CASE NO. 06-3075-SAC

SHAWNEE COUNTY DISTRICT COURT, et al.,
                                  Respondents.
```

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed by an inmate of the Shawnee County Department of Corrections, Topeka, Kansas. Petitioner has also filed an Application for leave to proceed in forma pauperis (Doc. 2), Motion for appointment of counsel (Doc. 3) and Emergency Motion for Stay (Doc. 4).

The court finds petitioner's Application for leave to proceed in forma pauperis has not been completed. In particular, the question requiring he state the amount of "any cash or checking or saving accounts" is not answered. Nor does the pleading contain a certified statement by a jail official as to the current balance in petitioner's inmate account.

In his Petition, Krallman alleges he is attacking a state detainer, and the forms used by him incorrectly indicate he is a person in federal custody filing pursuant to 28 U.S.C. 2241. Petitioner alleges on the form that he is attacking a detainer issued by the Shawnee County District Court, Topeka, Kansas, and that he has sought final disposition of the detainer in accord with the Interstate Agreement on Detainers. Petitioner seeks to prevent his impending trial on a sex offense charge in Shawnee County. He alleges he sought pretrial dismissal of the charge in

state court.

As support for his petition, Krallman alleges he faces trial in Shawnee County for the same acts committed on the same dates against the same victim at the same location as he was already convicted for in Jefferson County pursuant to his plea of no contest. He asserts his prosecution in Shawnee County would be wrongful and harmful and subject him to double jeopardy and piece-meal prosecution. Petitioner challenges the charge in Shawnee County on other grounds as well. He asks this court to issue an order staying the state criminal proceedings. Having considered all the materials in the file, the court finds as follows.

This court takes judicial notice of <u>Krallman v. Sebelius</u>, Case No. 06-3060 (D.Kan. March 22, 2006, unpublished). In that case petitioner raised the same claims in a civil rights complaint filed pursuant to 42 U.S.C. 1983. The action was dismissed upon initial screening without prejudice, and Krallman's emergency motion for a stay of the Shawnee County proceedings was denied. For reasons stated therein, this court found the gist of petitioner's claims was a challenge to his state conviction in Jefferson County. Such a claim must be raised by petition for writ of habeas corpus on behalf of a person in state custody filed pursuant to 28 U.S.C. 2254. Exhaustion of all available state court remedies is a statutory prerequisite to filing such a petition in federal court.

Petitioner's allegations that the offense being tried in Shawnee County was in the same location and on the same date as

2

the offense he was convicted of in Jefferson County are different from and refuted by his allegations and exhibits in Case No. 06-3060. The victim, his step daughter, was the same, but it was apparent in petitioner's earlier case that he was charged with sex offenses committed against her in two different counties on different dates.

Petitioner again fails to properly proceed in this court, and again fails to allege sufficient facts indicating he is entitled to federal court intervention in his state criminal proceedings or that he should be excused from exhausting his challenges to either his state criminal conviction in Jefferson County or any conviction he might receive in Shawnee County. He alleges he has an appeal pending on a mandamus action filed by him. It is thus evident he has not yet had his claims reviewed by the Kansas Supreme Court. Moreover, it is not at all clear that a mandamus action was the appropriate state remedy by which to challenge his state conviction or pending charges. Petitioner must have raised his claims either on direct appeal of his state convictions or by state post conviction motion initiated in the state trial court. He must have presented his claims by following proper state procedures ultimately to the highest state court so that they could be reviewed on the merits. He has not fully exhausted his state court remedies as to charges or convictions against him in either state court. The court concludes this action must be dismissed for failure to properly proceed and for failure to fully exhaust state court remedies on all his claims.

Petitioner's "Motion for Question . . ." (Doc. 6) in effect

3

seeks a ruling on petitioner's legal arguments by this court. It is denied since petitioner has not exhausted state remedies on his claims.

Like in his last case, petitioner improperly submitted with his initial pleading in this case a document entitled "Notice of Appeal, per interlocutory decisions . . . ."  This document was not filed at the time it was submitted, as there was no order to appeal.  Petitioner must submit a proper Notice of Appeal within the statutory time limits if he intends to appeal the court's order entered herein.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted, his motion for appointment of counsel (Doc. 3) is denied as moot, his motion for emergency stay (Doc. 4) is denied, his Motion for Question/Proposition of Law (Doc. 6) is denied, and this action is dismissed without prejudice to his filing a federal habeas corpus action pursuant to 28 U.S.C. 2254 after he has fully exhausted state court remedies on all his claims.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2006, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge